IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| NICHOLAS ALFORD, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV 620-046 |
| WARDEN BRIAN ADAMS, | ) ) | |
| Respondent. | ) ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

**I.     BACKGROUND**

According to the petition, Petitioner plead guilty to possession of a firearm, robbery by intimidation, and reckless conduct on April 6, 2018, in Glynn County, Georgia. (Doc. no. 1, p. 1.) Petitioner was sentenced to five years of imprisonment and alleges an improper calculation of his sentence and release date because he has not received sufficient jail time credit. (Id. at 5.) Petitioner asserts the Glynn County Clerk of Court suggested he file a 28 U.S.C. § 2254 petition and mailed Petitioner the accompanying forms. (Id.)  On April 20, 2020, Petitioner filed a § 2254 petition in the Brunswick Division of this District concerning this sentence calculation issue. (Id.)  On May 14, 2020, United States Magistrate Judge

Benjamin W. Cheesbro transferred the case to the Statesboro Division of this District and recharacterized the petition as one seeking relief pursuant to 28 U.S.C. § 2241. (Doc. no. 4). Petitioner admits in the petition he has never filed any state appeal, petition, or complaint in state court to seek correction of the alleged error in his sentence calculation. (Doc. no. 1, pp. 2-6.)

## II.    DISCUSSION

The petition should be dismissed because Petitioner has not exhausted state court remedies. Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted). Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies." Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Georgia law requires state prisoners to raise claims concerning sentence calculation

errors directly with the Georgia Department of Corrections ("DOC"), and to appeal the result, if necessary, by filing a mandamus or injunction action against the Commissioner of the DOC in the applicable Georgia Superior Court. Edwards v. State, 641 S.E.2d 193, 194 (Ga. Ct. App. 2007) ("If aggrieved by the calculations in awarding [jail] credit, [the defendant] should have sought relief directly from the [Georgia DOC] and, if necessary thereafter, by way of a mandamus or injunction action."); Smashey v. State, 638 S.E.2d 431, 433 (Ga. Ct. App. 2006) (explaining defendant seeking credit for time served must seek relief from the Georgia DOC, and may appeal in a mandamus or injunction action against the Commissioner). The final decision of such mandamus or injunction action may then be appealed to the Georgia Supreme Court. See, e.g., Bryant v. Evans, 261 S.E.2d 620 (Ga. 1979) (affirming denial of writ of mandamus that sought to require the Commissioner of the DOC to give prisoner jail credit). A state prisoner may also raise his claims in a state habeas corpus action. See Martin v. Seminole Cnty., No. 5:11-CV-13, 2011 WL 794216, at *2-3 (M.D. Ga. Mar. 2, 2011) (explaining petitioner failed to exhaust § 2241 claims for jail credit because he did not raise them in a mandamus or injunction action, or in a state habeas action).

Petitioner concedes he has taken no action to seek relief directly from the Georgia DOC, file a mandamus or injunction action against the Commissioner of the DOC in state court, or otherwise raise his claims in any state forum. (Doc. no. 1, pp. 5-6.) Petitioner has not given the state courts an initial opportunity to act on his claims, much less a complete opportunity, by invoking the available review processes in state court. O'Sullivan, 526 U.S.

at 845.  Thus, the Court finds Petitioner has failed to satisfy the exhaustion requirement, and the instant § 2241 petition should be dismissed without prejudice so Petitioner may exhaust available state remedies.

## III.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of June, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA